JONATHAN HUDDLESON vs. JAMES REYNOLDS' LESSEE.—
December, 1849.

A tract of land, whose patent name was "Western Route," was described
in the sheriff's returns to a writ of fi. fa. and vendi exponas; and also in
the sheriff's deed to the purchaser, as "West Route." HELD: that this
variance in the spelling of the name, was not a fatal objection to the title
of such purchaser.

A mistake in spelling the name of a tract of land, will not vitiate an instru-
ment of writing, if the word mispelt resembles, in sound or sense, the
right name.

Where a tract of land is sometimes called by its patent name; and some-
times by another, which it had acquired by reputation, a conveyance by
the latter name will pass the title, and any description in the deed of the
owner, which is sufficient to pass the title, will be a sufficient description
in a sheriff's return and conveyance.

Appeal from *Allegany* county court.

This was an action of *ejectment* instituted by the lessor of
the appellee against the appellant, on the 29th of March, 1845,
for a tract of land described, in the declaration and patent, as
"a tract or parcel of land called ' *Western Route*,' lying in
the county aforesaid, containing two hundred and eleven and
seven-eighths acres." The appellant being the tenant in pos-
session, pleaded *non cul.*

At the trial, the plaintiff, on his part, offered in evidence a
patent to *James Reynolds*, his lessor, dated 26th of December,
1836, for the tract of land described as above, and proved that
the tract named in the patent, was the land for the recovery of
which this suit was brought, and there rested his case. The
defendant, then, for the purpose of showing title out of the
lessor of the plaintiff, offered the record of a judgment obtained
against him, and of the proceedings thereunder, with a view
to show a sale, by the sheriff, of the tract of land in controversy.
These proceedings show that a judgment in ejectment was re-
covered against said *Reynolds*, in *Allegany* county court, at
October term, 1834, by *William Lamar's* lessee, upon which
a *fi. fa.*, for costs, was issued. To this writ *John M. Carleton*,

the sheriff, made return, that in obedience thereto, he had seized and taken in execution the following property of said *Reynolds,* to wit: "Lots Nos. 21 and 22, in *West Union,* and all the improvements thereon, also a tract of land called ' *West Route,'* containing two hundred and eleven and three-quarter acres." Which property was appraised, by the appraisers, at $155.50. A writ of *vendi exponas* was then issued, to which the said sheriff made return, that after giving the usual notice of sale, by advertisements, &c., which are particularly described, he sold, on the 26th of November, 1842, the "above described property to *M. C. Sprigg,*" the highest bidder. In all these advertisements, writs and returns, the land is described as "a tract of land called ' *West Route,'* containing two hundred and eleven and three-quarter acres."

The defendant then offered the sheriff's deed for said land, executed by him to *Michael C. Sprigg,* the purchaser under whom the defendant claimed. This deed was not inserted in the record. In connection with this evidence of title, the defendant offered the act of 1845, ch. 244, entitled, "An act to make valid a sheriff's sale made by *John M. Carleton,* late sheriff of *Allegany* county, and the deed of the said sheriff for the property sold to *M. C. Sprigg,* late of said county, deceased," as follows, passed 5th of March, 1846:

"*Be it enacted by the General Assembly of Maryland,* That the sale made on the 26th day of November, 1842, by *John M. Carleton,* late sheriff of *Allegany* county, to *M. C. Sprigg,* late of said county, deceased, of lots numbered twenty-one and twenty-two, lying and being in *West Union,* in said county, and also of a tract of land called ' *Western Route,'* containing two hundred and eleven and seven-eighths acres, sold by the name of · *West Route,'* be and the same is hereby confirmed and made valid, any informality or defects in the *fieri facias* and *venditioni exponas,* under which the said lots and tracts of land were sold by the said *John M. Carleton,* or the sale of the said tract by the name of ' *West Route,'* to the contrary, notwithstanding; *provided* that nothing herein contained shall be so construed as to affect the rights of third parties to said pro-

perty; *and provided also,* that said sale has been made, in other respects, conformable to law."

The plaintiff objected to the evidence so offered by the defendant, and prayed the court to instruct the jury, that the title papers so offered. do not show that there was any valid seizure of, or levy upon the tract of land in controversy by the sheriff; and that the sale made by him to the said *Sprigg,* consequently conveyed no title, but was inoperative and void; and that the act of Assembly offered in evidence, did not cure any defect in the defendant's title, arising from the want of a proper seizure of, and levy upon said land; which instruction the court, (MARTIN, C. J.,) granted, and the verdict and judgment being for the plaintiff, the defendant appealed to this court.

The cause was argued before DORSEY, C. J., SPENCE, MAGRUDER, and FRICK, J.

By McKAIG, for the appellant, and
By McLEAN, for the appellee.

MAGRUDER, J., delivered the opinion of this court.

It appears, by the record, that this action was brought to recover a tract of land situate in *Allegany* county, called "*Western Route.*"

In proof of his title, the appellee offered in evidence a patent for that tract of land granted to himself. Thereupon, the defendant, to prove title out of the plaintiff, offered in evidence a judgment against the plaintiff, a *fi. fa.* issued upon that judgment, the sheriff's return, with a schedule and appraisement, showing that he had, in obedience to the writ, seized and taken, together with other land, a tract of land called "*West Route,*" and that the same was sold to *M. C. Sprigg.* It is then stated, in the bill of exceptions, that the sheriff's deed was offered in evidence, though it is not in the record.

It is supposed that the mistake which is supposed to vitiate this sale, consists in naming the tract of land "*West Route,*"

when its patent name is " *Western Route.*" Is such a variance a fatal objection to the title of the purchaser?

We think not. A mistake in spelling the name of a tract of land, does not vitiate an instrument of writing, if the word mispelt resembles, in sound or sense, the right name. We are told, that if, in writing " *understood*," the letter " *s* " is omitted, that does not vitiate the writing, because the meaning cannot be mistaken. In 1770, *Redding's lessee vs. McCubbin*, 1 *H. & McH.*, 368, it was decided, in the provincial court, " that unless the variance between the description of the land in the declaration and the title paper, be material, it will not hinder the plaintiff's recovery." And so, in *Carroll's lessee vs. Norwood*, 4 *H. & McH.*, 287, it was decided, by the Court of Appeals, " that between ' *enlargement* ' and ' *the enlargement*,' there was not such a difference that the plaintiff could not sue by the one name, and recover upon proof of title to a tract of land called, in the patent, by the other.

It is sometimes said, that it was so decided in those cases, because there were plots in them, and the plaintiffs located their lands by their patent names. This cannot be. If the plaintiff can, in his declaration claim one tract, and locate what is to be considered a different tract, and then obtain a verdict, because of a proof of title to the latter, how is the judgment to be rendered upon such a verdict? The judgment for the plaintiff, in all actions of ejectment, is, " that the said lessee, as aforesaid, recover against the said ———— *his term aforesaid*, yet to come and unexpired, in and unto all that tract of land called ——," &c. Now if the land located, and that claimed in the declaration, be different tracts, what term has the plaintiff in the former, or when did the defendant admit lease, entry and ouster to that tract?

It can scarcely be maintained, that there is, between " *Western Route* " and " *West Route*," a more material variance that between " *enlargement*" and " *the enlargement*." Is the variance here a substantial variance? Can a route be a western, but not a west route? Is not the sense precisely the same, although there be some difference in the spelling? If,

for mistakes like this, sheriff's sales are to be set aside, a purchaser would not be safe in buying at such a sale, unless he had an opportunity of reading the patent.

The facts disclosed in this case, leave but little doubt that the land claimed in this suit, is the very land which the sheriff undertook to sell. No tract patented by the name of "*West Route*," is shown ever to have been owned by the plaintiff, or to have existence. The conclusion seems to be warranted, that the tract which, when taken up, was called by the name of "*Western Route*," was, in a later time, sometimes called west, and sometimes western route. If so, a conveyance by the name which it had acquired by reputation, would have passed the title to the patented tract, and any description in the deed by the owner, which is sufficient to pass the title, ought to be a sufficient description thereof in a sheriff's return and conveyance.

It might have been left to the jury to say whether the land seized and sold by the sheriff, was not the same land for which the plaintiff produced a patent.

This being the opinion of a majority of the court, it is unnecessary for them to say anything of the act of Assembly of 1845, ch. 244.

JUDGMENT REVERSED, AND

PROCEDENDO AWARDED.

Dorsey, C. J., agreed with the court as to its judgment, but not for the reasons assigned in this opinion. He considered the act of 1845, ch. 244, constitutional.